**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| STORMEDIA TEXAS, LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 2:07-CV-025-CE |
| COMPUSA, INC., a Delaware corporation; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC., a California corporation; FUJITSU COMPUTER SYSTEMS CORPORATION, a California corporation; HITACHI GLOBAL STORAGE TECHNOLOGIES, INC., a Delaware corporation; J & R ELECTRONICS, INC., a New York corporation; SAMSUNG SEMICONDUCTOR, INC., a California corporation; SEAGATE TECHNOLOGY, a Cayman Islands corporation; SEAGATE TECHNOLOGY LLC; a Delaware limited liability company, TIGERDIRECT, INC., a Florida corporation; TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation; and WESTERN DIGITAL TECHNOLOGIES, INC., a Delaware corporation, | § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SIX-MONTH STAY**

StorMedia's opposition attacks a non-existent motion for an "indefinite" stay.  The actual motion – filed by all (not just one) of the defendants – plainly seeks only a **six-month stay**.  StorMedia has apparently opted for this approach because it cannot show how a six-month stay could possibly cause it "undue prejudice."  In truth, StorMedia faces no prejudice here.

StorMedia concedes that the most "likely" outcome of the pending reexamination request is that the PTO will find that substantial questions exist regarding the viability of the '891 patent, and grant the reexamination request.  Opp. at 6.  The implication of this concession is that both parties agree that within the next few months, an objective, scientifically-trained examiner from the PTO is likely to issue an initial ruling explaining why the '891 patent claims are invalid in light of the prior art cited in the reexamination request.  *See* 35 U.S.C. § 312; 37 C.F.R. § 1.935.  These insights from the PTO will unquestionably help explain and simplify issues regarding the '891 patent for the Court and the parties to this case going forward.

A six-month stay is therefore clearly warranted in this case.  StorMedia's arguments to the contrary fail with respect to each of the three *Soverain Software* factors.

**(1)   No undue prejudice.**  StorMedia fails to provide any support for its suggestion that a six-month pause in these proceedings could cause it "undue prejudice."  In fact, it will not.  The only legal authority cited by StorMedia – a passage from Wright & Miller – demonstrates that short stays actually pose less of a "risk of substantial prejudice" than long ones.  *See* Opp. at 6 (risk of prejudice "increases with the passage of time").  Thus, the short six-month stay proposed by Defendants does not pose any risk of significant prejudice to StorMedia.[1]

The only other potential "prejudice" StorMedia sees in a six-month stay is the temporary halt of the discovery process.  Opp. at 6.  That is not proof of undue prejudice, but rather a definition of what a stay is.  The substance of StorMedia's argument is that a stay of **any** length is *per se* undue prejudice.  That is not, and never has been, the law.  *See Soverain Software, LLC*

---

[1] Nor does StorMedia make any attempt to rebut Defendants' observation that a stay cannot result in competitive loss to StorMedia because StorMedia does not sell products or otherwise compete with Defendants in the marketplace.  Motion at 7.

1

*v. Amazon, Inc.*, 336 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (rejecting *per se* approach to requests for stay pending reexamination).

The rest of StorMedia's prejudice argument rests upon the false assumption that Defendants' motion is actually seeking an "indefinite stay" of six years or more. Opp. at 6-8.[2] StorMedia illogically argues that the Court must not grant a six-month stay because Defendants might otherwise return to Court at a later point asking for additional time. Thus, StorMedia explains, *if* Defendants should later move for an "indefinite stay" and *if* the Court should subsequently grant *that* motion, then StorMedia would suffer "undue prejudice" for the reasons set forth in pages 7-8 of its Opposition. StorMedia's harangue about hypothetical future motions is irrelevant to the issue at hand. All that is on the table at this point is Defendants' request for a stay of definite duration: six months. As argued earlier (and not seriously contested by StorMedia), such a brief stay cannot pose any undue prejudice to StorMedia.

**(2)     Simplification of issues.**  As explained in Defendants' motion, this case presents an unusual circumstance that distinguishes it from most cases in which a stay is sought. The PTO has already analyzed two references cited in the pending reexamination request and applied them to invalidate claims substantively identical to those of the '891 patent – claims for magnetic recording media with a "reduced thickness" protective layer. Motion at 7-10. Oddly, when faced with two applications seeking to claim the same invention, the PTO rejected one and allowed the other. Now that this administrative inconsistency has been raised via a request for reexamination, the PTO properly deserves the opportunity to address it in the first instance.

StorMedia does not attempt to argue that the PTO erred in using these references to invalidate the earlier Chia application claims. Instead, StorMedia contends that reexamination

---

[2]  StorMedia's assertion that "the *inter partes* reexamination process can realistically be expected to take more than six years" (Opp. at 8) is not only irrelevant, but also completely unsupportable. Indeed, there is only one *inter partes* reexamination request that was even filed more than six years ago – and a certificate for that request has long since issued. Ex. 14 (showing one *inter partes* reexamination request filed in 2001); Ex. 18 (certificate for that request issued Mar. 2, 2004). In any event, as Defendants explained in their original brief, StorMedia will have to wait until the conclusion of the reexamination proceedings before it will have a final resolution of its infringement claims against Defendants **regardless of the length of the reexamination proceedings**. *See* Motion at 5-7 (citing *Translogic Tech. v. Hitachi Ltd.*, 504 F.3d 1249 (Fed. Cir. 2007)). StorMedia does not appear to contest this fact.

will not simplify issues in this case because the "invention" of the '891 patent is "much more than the 'reduced thickness' of the carbon layer." Opp. at 10. For instance, StorMedia asserts that the '891 patent carbon layers also involve a "high percentage of $sp^3$ carbon–carbon bonds," and are "highly tetrahedral," "diamond-like," "continuous," and "smooth," while avoiding the problems of "island-close phenomenon" and "excessive macroparticles." Opp. at 10-11.[3]

StorMedia's insistence that the '891 patent is about "much more" than layer thickness is a **complete reversal** of the view of the patent it has taken from the outset of this case. In its Infringement Contentions served on July 25, 2007, StorMedia repeatedly asserted that proof that the accused products included carbon layers of the requisite **thickness** on magnetic recording media was sufficient factual basis to show infringement of the '891 patent. For example, StorMedia alleged that the accused products satisfied the "35% $sp^3$" limitation of claim 2 by pointing to evidence that the accused products had "a thickness of less than 50 Å" and stating in a conclusory fashion that "the only practical way to make a protective layer . . . less than 50 Å is by using . . . carbon that includes more than about 35% $sp^3$ carbon-carbon bonds." Ex. 16 at 93.

Defendants have tried unsuccessfully to obtain through discovery the missing information regarding $sp^3$ and other characteristics besides thickness. StorMedia produced its principal Peter Courture for a Rule 30(b)(6) deposition on these topics, but Mr. Courture could offer no specific information to support StorMedia's allegation that Defendants' products had a particular $sp^3$ content or any other allegedly relevant characteristics. Likewise, in its interrogatory responses, StorMedia contended that its experts had access to mountains of data regarding $sp^3$ and other

---

[3] StorMedia summarily raises two other arguments with respect to the "simplification of issues" prong, neither of which has merit. First, StorMedia argues that the issues raised in the reexamination request were already considered during prosecution of the '891 patent in the context of a reference known as the Nakayama patent. Opp. at 9. Contrary to StorMedia's suggestion, however, the '891 patent applicant never told the examiner that Nakayama satisfied all limitations of the '891 patent except "high percentage of $sp^3$." Nor was Nakayama ever applied by the examiner as an independent anticipatory reference. Nakayama was cited only because the applicant had withheld from the PTO the fact that another reference – a dissertation written by the named inventor Veerasamy himself – clearly disclosed carbon layers less than 50 Å thick. *See* Ex. 1 at 82. Accordingly, it is clear that the issues presented in the pending reexamination request have not already been considered by the PTO in the context of the '891 patent. Second, StorMedia attempts to draw an analogy between this case and *Texas MP3 Techs. v. Samsung Elecs. Co.*, 2007 U.S. Dist. LEXIS 80392 (E.D. Tex. Oct. 30, 2007). However, StorMedia fails to mention that in this case, unlike in *Texas MP3*, the motion for a stay has been joined by all defendants.

3

factors, yet failed to produce any of that data.  Finally, at the recent discovery hearing, StorMedia's counsel admitted that StorMedia was in possession of an entire hard drive full of data from Evans Analytical Group that had never been disclosed to Defendants.  The Court instructed StorMedia to immediately produce this data to Defendants, yet StorMedia ultimately turned over only about 2,000 pages of material.  Worse still, an initial review of these documents has revealed that they disclose **nothing** about the $sp^3$ content of the accused devices.  Meanwhile, StorMedia has consistently maintained its original position that proof of thickness is sufficient to show infringement.

StorMedia's claim that the '891 patent now involves "much more" than just reduced thickness is thus nothing short of astonishing.  StorMedia now posits two versions of its patent – one streamlined to prove infringement, and the other expanded to preserve validity:

| StorMedia's '891 patent (version to show infringement) | StorMedia's '891 patent (version to show validity) |
|---|---|
| magnetic recording media<br><br>+ reduced thickness | magnetic recording media<br><br>+ reduced thickness<br><br>+ high percentage of $sp^3$<br><br>+ highly tetrahedral and diamond-like<br><br>+ continuous<br><br>+ smooth<br><br>+ avoid island-close phenomenon<br><br>+ avoid excessive macroparticles |

Having refused throughout this case to demonstrate any factual basis for a belief that the accused products contain aspects such as a "high percentage of $sp^3$" – or even that any such factual basis is required to show infringement – StorMedia cannot now credibly claim that the references cited in the reexamination request are irrelevant for allegedly failing to disclose these additional aspects.  *See Upsher-Smith Labs. v. Pamlab, LLC*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) ("A century-old axiom of patent law holds that a product 'which would literally infringe if

4

later in time anticipates if earlier.'") (citing cases).

Given these circumstances, it is clear how guidance from the PTO would provide some much-needed clarity to cut through StorMedia's obfuscation and simplify issues regarding the '891 patent going forward. StorMedia concedes that the most "likely" outcome of the pending reexamination request is that the PTO will find that substantial questions exist regarding the viability of the '891 patent, and grant the reexamination request. Opp. at 6. By statutory mandate, this admittedly "likely" grant must be made within three months of the filing date of the request – in this case, by April 4, 2008.[4] 35 U.S.C. § 312. Furthermore, PTO regulations provide that the granting of a reexamination request is usually accompanied by a first office action containing claim rejections on the merits (*i.e.*, explanations of why a claim is invalid over the prior art). 37 C.F.R. § 1.935. In this case, the insights provided by such an office action – conclusions from an objective, scientifically-trained examiner on the critical question of invalidity – will be a significant asset for the Court and the parties to this lawsuit, regardless of whether a further stay is granted. A six-month stay to allow the PTO to do this work will certainly help simplify and explain issues regarding a patent that up to this point has (unfortunately) proved an inscrutable moving target.

**(3)    Early stage of litigation.** Finally, StorMedia concedes that this case is "in its relatively early stages." Opp. at 12. Nevertheless, StorMedia makes the incredible argument that this fact "does not favor a stay." *Id.* The caselaw cited elsewhere in its opposition brief clearly demonstrates that StorMedia is wrong. *See, e.g.*, *Biax Corp. v. Fujitsu Computer Sys. Corp.*, 2007 U.S. Dist. LEXIS 12973 (E.D. Tex. Feb. 26, 2007). A stay is favored at this early stage.

In summary, a six-month stay in this case would greatly simplify issues by providing time for the PTO to provide much-needed clarification and guidance regarding critical issues pertaining to the '891 patent. StorMedia faces no risk of "undue prejudice" from a short six-month stay. Defendants jointly submit that their motion for a six-month stay should be granted.

---

[4] StorMedia will subsequently have either one or two months to submit an office action response to the PTO. *See* Ex 17 (MPEP 2662). The third-party requester may then file written comments with the PTO within 30 days. *Id.*

5

Dated:  February 4, 2008

Respectfully submitted,

*/s/ Scott D. Baskin, P.C.*

Scott D. Baskin, P.C. (*pro hac vice*)
  (sbaskin@irell.com)
Lisa Sharrock Glasser (*pro hac vice*)
  (lglasser@irell.com)
David C. McPhie (*pro hac vice*)
  (dmcphie@irell.com)
IRELL & MANELLA LLP
840 Newport Center Dr., Suite 400
Newport Beach, CA 92660
Telephone:  (949) 760-0991
Facsimile:   (949) 760-5200

Melissa Richards Smith
  (melissa@gillamsmithlaw.com)
Lead Attorney
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

ATTORNEYS FOR DEFENDANT
WESTERN DIGITAL TECHNOLOGIES,
INC.

*/s/ Herbert J. Hammond (by permission)*

Herbert J. Hammond
  (herbert.hammond@tklaw.com)
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Ste. 3300
Dallas, TX  75201
Telephone:  (214) 969-1607
Facsimile:   (214) 969-1751

ATTORNEYS FOR DEFENDANT
COMPUSA, INC.

*/s/ David E. Wang (by permission)*

David E. Wang
  (dwang@orrick.com)
ORRICK HERRINGTON & SUTCLIFFE
4 Park Plaza, Suite 1600
Irvine, CA  92614-2258
Telephone:  (949) 852-7750
Facsimile:  (949) 567-6710

ATTORNEYS FOR DEFENDANTS
FUJITSU COMPUTER PRODUCTS
OF AMERICA, INC. & FUJITSU
COMPUTER SYSTEMS CORP.


*/s/ John M. Guaragna (by permission)*

John M. Guaragna
  (john.guaragna@dlapiper.com)
DLA PIPER US LLP
1221 South MoPac Expressway, Suite 400
Austin, TX  78746
Telephone:  (512) 457-7125
Facsimile:  (512) 457-7001

ATTORNEYS FOR DEFENDANT
SAMSUNG SEMICONDUCTOR, INC.


*/s/ David M. Barkan (by permission)*

David M. Barkan
  (barkan@fr.com)
FISH & RICHARDSON P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

ATTORNEYS FOR DEFENDANTS
SEAGATE TECHNOLOGY AND
SEAGATE TECHNOLOGY LLC

/s/ *Eric William Buether (by permission)*

Eric William Buether
  (buethere@gtlaw.com)
GREENBERG TAURIG, LLP
2200 Ross Ave., Suite 5200
Dallas, TX  75201
Telephone:  (214) 665-3664
Facsimile:  (214) 665-5964

ATTORNEYS FOR DEFENDANT
TIGER DIRECT, INC.

/s/ *Walter Thomas Henson (by permission)*

Walter Thomas Henson
  (tomh@rameyflock.com)
RAMEY & FLOCK P.C.
100 E. Ferguson, Suite 500
Tyler, TX  75702-0629
Telephone:  (903) 597-3301
Facsimile:  (903) 597-2413

ATTORNEYS FOR DEFENDANT
J&R ELECTRONICS, INC.

/s/ *Irfan Lateef (by permission)*

Irfan Lateef
  (irfan.lateef@kmob.com)
KNOBBE MARTENS OLSON & BEAR
2040 Main Street, 14th Floor
Irvine, CA  92614-3641
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

ATTORNEYS FOR DEFENDANT
TOSHIBA AMERICA INFORMATION
SYSTEMS

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

                       */s/ Scott D. Baskin, P.C.*