IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STORMEDIA TEXAS, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMPUSA, INC., a Delaware corporation; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC., a California corporation; FUJITSU COMPUTER SYSTEMS CORPORATION, a California corporation; HITACHI GLOBAL STORAGE TECHNOLOGIES, INC., a Delaware corporation; J & R ELECTRONICS, INC., a New York corporation; SAMSUNG SEMICONDUCTOR, INC., a California corporation; SEAGATE TECHNOLOGY, a Cayman Islands corporation; SEAGATE TECHNOLOGY LLC; a Delaware limited liability company, TIGERDIRECT, INC., a Florida corporation; TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation; and WESTERN DIGITAL TECHNOLOGIES, INC., a Delaware corporation,<br><br>　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:07-CV-025-CE<br><br>Before: Hon. Charles Everingham IV<br><br>**Re: Western Digital's Motion For Stay (Docket No. 187); Western Digital's Notice of Order Granting Reexamination of the Patent-in-Suit (Docket No. 215); Western Digital's Notice of Office Action Rejecting All Claims of the Patent-in-Suit (Docket No. 227)** |

## NOTICE OF RECENT DECISION BY THE PTO AND RELATED STORMEDIA FILING

Western Digital hereby provides, in connection with its pending motion to stay (Docket No. 187), this status update regarding the ongoing *inter partes* reexamination proceedings in the United States Patent and Trademark Office ("PTO") involving the patent-in-suit:

1. On May 8, 2008, Stormedia filed a Petition for 1 Month Extension of Time to Respond To Office Action with the PTO ("Petition"). Stormedia acknowledged in the Petition that the PTO's March 17 Office Action (*see* Docket No. 227) had rejected the "claims in the [patent-in-suit] as being unpatentable over the combination of several of the [cited] nine prior art references." Specifically, ***every claim of the patent-in-suit was rejected by the PTO on at least nine (9) separate and independent grounds***. (*See id.*)

2. In the Petition, Stormedia argued that StorMedia should be granted additional time to respond to the PTO's Office Action due to, among other things, the "complexity of the subject matter" of the reexamination.

3. On May 20, 2008, the PTO granted Stormedia's Petition. The PTO's decision ("Decision") is attached hereto as Exhibit B. The PTO explained that good cause existed to delay the reexamination proceedings as requested by StorMedia on the basis that the "subject matter of this reexamination is complex and the Office action is extensive."

4. The deadline for StorMedia to reply to the PTO's Office Action is now **June 17, 2008**. In that filing, StorMedia will have the opportunity to acquiesce in the rejection of claims, seek to amend claims of the patent-in-suit, or submit entirely new claims in response to the PTO's rejection of all existing claims as invalid. The deadline for Western Digital to submit written comments in response to StorMedia's filing will be **July 17, 2008**.

Dated: May 29, 2008

Respectfully submitted,

*/s/ Lisa Sharrock Glasser*
Scott D. Baskin, P.C. (*pro hac vice*)
(sbaskin@irell.com)
Lisa Sharrock Glasser (*pro hac vice*)
(lglasser@irell.com)
David C. McPhie (*pro hac vice*)
(dmcphie@irell.com)

IRELL & MANELLA LLP
840 Newport Center Dr., Suite 400
Newport Beach, CA 92660
(949) 760-0991
(949) 760-5200 (facsimile)

Melissa Richards Smith
  (melissa@gillamsmithlaw.com)
Lead Attorney
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 (facsimile)

ATTORNEYS FOR DEFENDANT
WESTERN DIGITAL TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 29, 2008, a copy of the foregoing document and accompanying exhibits was caused to be served via email on the following counsel of record:

    Greg Dovel (greg@dovellaw.com)
    Julien Adams (julien@dovellaw.com)
    S. Calvin Capshaw (ccapshaw@capshawlaw.com)
    Elizabeth L. DeRieux (ederieux@capshawlaw.com)
    Otis W. Carroll, Jr. (otiscarroll@icklaw.com)
    Franklin Jones, Jr. (maizieh@millerfirm.com)
    Robert M. Parker (rmparker@pbatyler.com)
    Robert Christopher Bunt (rcbunt@pbatyler.com)

                                                               */s/ Lisa Sharrock Glasser*

1874914

# EXHIBIT A

0.0 01

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Inventor: | Veerasamy et al. | | |
| Reexamination Control No.: | 95/000,337 | Patent No. | 6,805,891 |
| Filed: | January 23, 2003 | Patent Issue Date: | Oct. 19, 2004 |
| Title: | RECORDING MEDIA HAVING PROTECTIVE OVERCOATS OF HIGHLY TETRAHEDRAL AMORPHOUS CARBON AND METHODS FOR THEIR PRODUCTION | | |
| Primary Examiner: | Alan D. Diamond | | |
| Art Unit: | 3991 | | |

**Petition for 1 Month Extension of Time To Respond
To Office Action Pursuant to 37 C.F.R. Section 1.956 and MPEP 2265**

Mail Stop *Inter Partes* Reexamination
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

> CERTIFICATE OF MAILING
>
> I hereby certify that this correspondence and all marked attachments are being deposited with the United States Postal Service as first-class mail in an envelope addressed to: **Mail Stop Inter Partes Reexamination, Central Reexamination Unit,** Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on
>
> May 8, 2008
> (Date)
>
> _____
> Sean A. Luner, Reg. No. 36,588

Dear Sir:

In response to the Office Action mailed March 17, 2008, the Patent Owner respectfully submits the following request, pursuant to 37 C.F.R. Section 1.956, for a 30 day extension of time to file the Patent Owner's response. The request is made based on the following pertinent facts to demonstrate sufficient cause for this reasonable extension:

1. The subject matter of this reexamination, the characteristics of the carbon protective overcoat on recording media and the methods used for its production, is complex. In addition to the complexity of the subject matter, on March 17, 2008, the Examiner mailed a forty-five page Office Action rejecting claims 1 to 14 of United States Patent No. 6,805,891 (the "'891 patent") in which the Examiner (1) analyzed nine prior art references in light of the third party requester's claim that the '891 patent was either anticipated by or obvious over each of the references, and (2) issued a complex decision that, among other things, rejected claims in the '891 patent as being unpatentable over the combination of several of the nine prior art references. Accordingly, preparing an adequate response to this Office Action requires a thorough understanding of the subject matter and the art, for which, as explained below, the undersigned needs additional time.

2. The undersigned did not become counsel of record in this reexamination until April 18, 2008, when the Patent Owner mailed to the Patent Office a Revocation of Power of Attorney with New Power of Attorney naming the undersigned as attorney of record. Prior to becoming counsel of record, the undersigned had little familiarity with the subject matter of the reexamination and no familiarity with the art or the cited prior art references, making it necessary for the undersigned to consult with several others in order to adequately prepare a response.

3. One such person with whom the undersigned needs to consult is the Patent Owner's current litigation counsel, who, over the past year, has developed a thorough understanding of the claims of the '891 patent during the pending litigation involving the '891 patent. While the undersigned has begun the process of consulting with the Patent Owner's litigation counsel, this consultation has been halted because the Patent Owner's litigation counsel is currently engaged in a patent infringement trial in the Central District of California before the Honorable Ronald S. W. Lew in a case entitled *Enovsys LLC v. Nextel Communications, Inc. et al.*, CV-06-05306-RSWL (SHx). This trial is expected to conclude by May 19, 2008, after the Patent Owner's response is due. Because of the complexity of the issues raised by the Examiner's Office Action, it would be impossible for the undersigned to prepare a meaningful response to the Office

Action by the May 16, 2008, deadline without further input and consultation with the Patent Owner's litigation counsel.

4. In addition, to adequately prepare a response to the Office Action, the undersigned will also need to conduct substantive discussions with the inventors of the '891 patent, one of whom resides in Germany. While discussions have begun between the Patent Owner's litigation counsel and the inventors regarding this reexamination, the undersigned has not been privy to these communications and will need to conduct additional discussions with the inventors, including possible face-to-face discussions. The undersigned believes that a reasonable extension of time will give the undersigned sufficient time to properly consult with the inventors in this case so that the Patent Owner may file a proper response.

For these reasons the undersigned respectfully requests a one (1) month extension of time to file a response to the first Office Action. The present request is being made prior to the date (May 16, 2008) required for a response. In support of this Petition, the required fee under Section 1.17(g) is being paid herewith.

Respectfully submitted,

Sean A. Luner
Registration No. 36,588
Attorney for Applicant(s)

May 8, 2008
201 Santa Monica Boulevard
Suite 600
Santa Monica, CA 90401
Tel. (310) 656-7066
Fax (310) 656-7069

# EXHIBIT B



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

MAILED

MAY 20 2008

CENTRAL REEXAMINATION UNIT

Sean A. Luner
201 Santa Monica Boulevard
Suite 600
Santa Monica, CA 90401

For Patent Owner

David C. McPhie
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

For Requester

*Ex Parte* Reexamination Proceeding
Control No. 95/000,337
Filed: January 4, 2008
For: US Patent No. 6,805,891

DECISION GRANTING
PETITION FOR
EXTENSION OF TIME
[37 CFR 1.956]

This is a decision on the petition filed May 12, 2008 to request a one-month extension of time pursuant to 37 CFR 1.956 for filing a response to the Office action mailed March 17, 2008.

The petition is before the Director of the Central Reexamination Unit for consideration.

The petition is <u>granted</u> for one month for the reasons set forth below.

## Decision

The Patent Owner requests an extension of time in which to file a response to the Office action dated March 17, 2008, which set a two-month date for filing a response thereto. The Office action is a non-final Office action. The request is timely filed and includes authorization to debit a deposit account for the $200.00 petition fee as required by 37 CFR 1.17(g).

37 CFR 1.956 (c) states:

> (c) The time for taking any action by a patent owner in an *inter parte* reexamination proceeding will be extended only for sufficient cause and for a reasonable time specified. Any request for such extension must be filed on or before the day on which action by the patent owner is due, but in no case will the mere filing of a request effect any extension. Any request for such extension must be accompanied by the petition fee set forth in § 1.17(g). See § 1.304(a) for extensions of time for filing a notice of appeal to the U.S. Court of Appeals for the Federal Circuit or for commencing a civil action.

Addressing the requirement of 37 CFR 1.956 to make a showing of "sufficient cause" to grant an extension of time request, MPEP 2665 states, in pertinent part:

> Evaluation of whether "sufficient cause" has been shown for an extension must be made by **balancing** the desire to provide a fair opportunity to respond, **against** the requirement of the statute, 35 U.S.C. 314 (c), that the proceedings be conducted with special dispatch.
>
> Any request for an extension of time in a reexamination proceeding must fully state the reasons therefor.

### Patent Owner's Showing of Sufficient Cause to Grant an Extension of Time

The petition for extension of time states that this proceeding was transferred to current counsel o April 18, 2008. The subject matter of this reexamination is complex and the Office action is extensive. Counsel is consulting with current litigation counsel and experts to develop a clear understanding of the art and the references cited against it. Patent Owner's litigation counsel is presently engaged in a patent infringement trial which is expected to conclude by May 19, 2008. Because of the complexity of the issues raised by the Examiner and the necessity of conferring with litigation counsel and experts, it would not be possible to prepare a meaningful response to the outstanding Office action. An additional one-month extension of time is requested to provide Patent owner with a fair opportunity to provide a complete and adequate response to the outstanding issues.

## Analysis and Findings

On balance, it is considered that the petition explains the "sufficient cause" for why an extension of time should be granted. Patent Owner has set forth a factual accounting that is deemed to establish reasonably diligent behavior by all those responsible for preparing a response within the statutory period. When balanced against the requirement of 35 USC 314(c) that this proceeding be handled with special dispatch, Owner's showing is adequate to justify the grant of a one-month extension of time in which to file a response to the Office action. Accordingly, the response is due June 17, 2008. Patent Owner should expect that future requests for extensions will not be granted absent strong and compelling reasons that establish the existence of an extraordinary situation necessitating the additional time.

## Conclusion

1. The Patent Owner's petition for extension of time in which to file a response to the Office action of March 17, 2008 is **granted**.

2. The Patent Owner's response is due June 17, 2008.

3. Response may be submitted as follows:

By Mail to: Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P. O. Box 1450
Alexandria, VA 22313-1450

By Fax to: (571) 273-9900
Central Reexamination Unit

By Hand: Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

4. Telephone inquiries with regard to this decision should be directed to Deborah Jones, Supervisory Patent Examiner in the Central Reexamination Unit, Art Unit 3991, at (571) 272-1535.

*Deborah Jones*
Lissi M. Marquis,
Director,
Central Reexamination Unit