**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| STORMEDIA TEXAS, LLC, | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-025 |
| | § | |
| COMPUSA, INC., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

**1.    Introduction**

Before the court is the defendants' motion (#187) to stay this action pending *inter partes* reexamination of the only patent-in-suit. For the foregoing reasons, the court denies the defendants' motion.

**2.    Background**

In this case, Stormedia Texas, LLC ("Stormedia") contends that the defendants infringe various claims of U.S. Patent No. 6,805,891 ("the '891 patent), entitled "Recording Media Having Protective Overcoats of Highly Tetrahedral Amorphous Carbon and Methods for their Production." The '891 patent was filed on January 23, 2003, and issued on October 19, 2004.

The instant action was filed by Stormedia on January 22, 2007. Western Digital Technologies, Inc. ("Western Digital") thereafter filed on January 4, 2008, a request with the U. S. Patent and Trademark Office ("PTO") for an *inter partes* reexamination of the '891 patent. On January 16, 2008, the defendants filed the instant motion (#187) requesting a six month stay of this case pending the PTO's decision on whether to grant or deny Western Digital's reexamination request. On February 29, 2008, the PTO issued an order granting Western Digital's reexamination request for all claims of the patent-in-suit. The defendants' motion to stay (#187) is ripe for review.

**3.     Discussion**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662.

**A.     Prejudice and Tactical Advantage**

The PTO has not provided any definitive guidance on the length of time required for the reexamination. Accordingly, the potential delay for an indefinite period would likely prejudice StorMedia. *See Ricoh Co., Ltd. v. Aeroflex, Inc.*, 2006 WL 3708069, *2 (N.D. Cal. Dec. 14, 2006); *Lexington Lasercomb I.P.A.G. v. GMR Products, Inc.*, 442 F. Supp. 2d 1277, 1278 (S.D. Fla. 2006). This factor weighs against a stay of this case.

**B.     Simplification of the Case**

If the court stays the proceedings, Western Digital will be estopped from making the same invalidity arguments in this case that it makes to the PTO during the reexamination proceeding. 35 U.S.C. § 315(c). This estoppel will usually simplify the issues in the case. However, in this action,

there are several defendants who are not party to the reexamination proceeding. These defendants will therefore not be precluded from advancing at trial the same invalidity arguments that Western Digital presented during reexamination. This serves to counteract any simplifying effects of the *inter partes* reexamination proceeding. *Texas MP3 Technologies, Ltd. v. Samsung Electronics Co., Ltd.*, No. 2:07-CV-052, slip op. at 2-3 (E.D. Tex. Oct. 30, 2007). As such, this factor weighs against staying this case.

### C. Stage of the Proceedings

The present motion was filed one month after the docket control order was entered in this case, but one year before the scheduled *Markman* hearing. Therefore, this factor supports a stay of the proceedings.

### 4. Conclusion

On balance, the court finds that a stay of this case pending the *inter partes* reexamination is not appropriate. Therefore, the court denies the defendants' motion (#187) to stay this action.

SIGNED this 23rd day of July, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE